UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************************
Jonathan Leite,

    Plaintiff

v.

Corrections Officers Matthew Goulet,
Elmer Van Hoesen, Michael Beaton, Lynn McLain,
Heather Marquis, Trevor Dube, Rhianne Snyder,
Eddy L'Heureux, Jeffrey Smith, Dwane Sweatt,
Yair Balderrama, Bob Morin, Ejike Esobe, and
Kathy Bergeron

    Defendants
*******************************************

Case No. 1:15-cv-00280-PB
Complaint
Jury Trial Requested

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff Jonathan Leite, by and through his attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within First Amended Complaint, stating as follows:

**I.**     **Parties**

1. The plaintiff Jonathan Leite resides at 70 Cascade Street, Berlin, New Hampshire 03570.

2. The defendants were at all times herein acting under color of State law as correctional officers acting as agents and employees of the defendant New Hampshire Department of Corrections.

**II.**     **Jurisdiction and Venue**

3. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331.

1

4. Venue is proper because the acts and omissions giving rise to this action occurred within the judicial district of New Hampshire.

## III. Facts

5. On or about August 24, 2012, Mr. Leite was a prisoner in the custody of the Northern New Hampshire Correctional Facility in Berlin, New Hampshire. Mr. Leite had been incarcerated in the Berlin facility since March of 2012.

6. Mr. Leite had been assigned to "F Block" as of August 24, 2012. He had a bunk located in the "F Block" day room but had yet to be assigned a cell.

7. Under correctional facility policy, prison officials were to monitor activity in "F Block" to keep inmates safe.

8. Prison officials were to walk through "F Block" every 30 to 45 minutes to monitor activity there and ensure that inmates were safe.

9. Prison officials were also supposed to remote-monitor "F Block" continuously from a monitoring station equipped with video screens located in "CP5."

10. On or about August 24, 2012, at approximately 2:37 p.m, Mr. Leite left the day room and entered a cell to visit with inmates therein.

11. Inmates jumped Mr. Leite from behind and savagely assaulted him over approximately a 20-minute time period, causing him severe and permanent injuries including cognitive injuries. At the conclusion of the approximately 20-minute gang attack on Mr. Leite, Mr. Leite staggered out of the cell. Mr. Leite, unsteady on his feet, fell to the floor, landing on his buttocks. He struggled to his feet, and another inmate "helped" to steady him. Mr. Leite struggled to get in his bunk, but he could not get over the rail. Another inmate pushed him up.

12. Video footage of "F Block" that was contemporaneously available to the defendant correctional officers who should have been watching from the monitoring station located in "CP5," and that the defendant correctional officers should have been monitoring while inmates were bludgeoning Mr. Leite, showed heavy traffic of inmates in and out of the cell that Mr. Leite had entered. The inmate traffic in and out of the cell was so heavy that the defendant correctional officers monitoring the video screens should have suspected dangerous activity and should have investigated the suspicious activity. No correctional officer came to investigate, however, and no correctional officer intervened to stop the bludgeoning of Mr. Leite.

13. Video footage of "F Block" that was contemporaneously available to correctional officers watching from the monitoring station located in "CP5" also showed Mr. Leite staggering from the cell and falling to the ground. Had correctional officers been monitoring the video footage as they should have been, they would have observed Mr. Leite in obvious distress as he staggered from the cell that inmates had mobbed for the preceding twenty (20) minutes. Such an observation should have prompted the correctional officers to come to Mr. Leite's aid.

14. Correctional officers failed, however, to come timely to Mr. Leite's aid, leaving him helpless for hours.

15. Correctional officers likewise failed to complete appropriate walk-throughs of "F Block." If correctional officers had completed appropriate walk-throughs of "F Block," they would have discovered the assault on Mr. Leite and could have put a stop to it. Furthermore, if correctional officers had completed appropriate walk-throughs of "F Block," they would have been able to come to Mr. Leite's aid in the immediate aftermath of the assault and ensure that he received medical attention in a timely fashion.

16. Correctional officers failed to complete timely walk-throughs of "F Block," however, and therefore failed to discover the assault, failed to put a stop to it, and failed to take any steps to get Mr. Leite timely medical attention in the immediate aftermath of the assault.

## COUNT I

### (Violation of 42 U.S.C. §1983—Eighth and Fourteenth Amendments)

17. The allegations of the preceding paragraphs are realleged herein and incorporated by reference.

18. It is well-established that, under the Eighth Amendment to the Federal Constitution made applicable to the States by the Fourteenth Amendment, "prison officials have a constitutional duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). As the United States Supreme Court has explained, "[h]aving incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." Id. at 834.

19. The defendants violated their constitutional duty to protect Mr. Leite from harm and stop the state of nature from taking its course, subjecting Mr. Leite to injuries that have forever altered his life, rendering him disabled.

20. The defendants violated their constitutional duty because they incarcerated Mr. Leite under conditions that posed a substantial risk of serious harm. Despite having procedures in place to enable correctional officials to monitor inmates and thereby protect them from each other, the defendants abdicated their duty to monitor the inmates, demonstrating deliberate indifference to the constitutional rights of Mr. Leite and other prisoners, by failing to monitor

activity on "F Block" via video monitors and failing to conduct appropriate walk-throughs of "F Block."

21. The defendants further bear constitutional liability because their failure to act exhibited deliberate indifference to inmate health or safety. The defendants demonstrated their deliberate indifference towards prisoners such as Mr. Leite by abdicating their duty to monitor the video screens that were in place to enable correctional officers to monitor inmate conduct to ensure inmates were safe and by abdicating their duty to conduct the required walk-throughs of the cell block that correctional officers were supposed to do to monitor inmate activity to ensure inmates were safe.

22. As a direct and proximate result of the defendants' violations of their constitutional duties, the plaintiff has suffered and continues to suffer damages, including without limitation severe and permanent bodily injury, pain and suffering, lost wages, lost earning capacity, lost employment benefits, emotional distress, humiliation, inconvenience, and loss of enjoyment of life. The plaintiff is further entitled to punitive damages based on the defendants' reckless disregard of his federally protected right to be protected from serious harm and the defendants' callous indifference to this federally protected right.

WHEREFORE, the plaintiff Jonathan Leite respectfully prays this Honorable Court:

A. Schedule this case for trial by jury, and after trial:

B. Award the plaintiff actual damages, including without limitation lost wages, lost future earnings and medical expenses;

C. Award the plaintiff compensatory damages, including without limitation damages for pain and suffering and emotional and mental distress;

D. Award the plaintiff punitive damages;

  E.  Award the plaintiff attorney's fees;

  F.  Award the plaintiff interest and costs; and

  G.  Grant such other and further relief as is just and equitable.

           Respectfully submitted,
           JONATHAN LEITE
           By his attorneys,
           DOUGLAS, LEONARD & GARVEY, P.C.

Date:  August 26, 2015    By:  /s/ Benjamin T. King
           Benjamin T. King, NH Bar #12888
           14 South Street, Suite 5
           Concord, NH 03301
           (603) 224-1988
           benjamin@nhlawoffice.com