UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

*******************************************
Jonathan Leite,
    Plaintiff

v.     Civil No. 15-cv-00280-PB

Matthew Goulet *et al.*,
    Defendants
*******************************************

# ANSWER

Defendants Matthew Goulet, Elmer Van Hoesen, Michael Beaton, Lynn McLain, Trevor Dube, Rhianne Snyder, Eddy L'Heureux, Jeffrey Smith, Dwane Sweatt, Yair Balderrama, Bob Morin, and Kathy Bergeron (the "DOC defendants") hereby answer the First Amended Complaint of plaintiff Jonathan Leite as follows:

I. **As to Parties**

    1. The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1.

    2. The defendants admit that, during certain of the events of August 24, 2012 alleged in the first amended complaint, they were acting as agents and employees of the New Hampshire Department of Corrections ("DOC"). The defendants deny any remaining allegations of paragraph 2.

II. **As to Jurisdiction and Venue**

    3. The defendants admit the allegations of paragraph 3.

    4. The defendants admit that venue in this court is proper. The defendants deny any remaining allegations of paragraph 4.

III.  **As to Facts**

   5.   The defendants admit the allegations of paragraph 5.

   6.   The defendants admit the allegations of paragraph 6.

   7.   The defendants admit that, on August 24, 2012, the responsibilities of certain employees of the DOC included monitoring "F Block" at the Northern New Hampshire Correctional Facility ("NNHCF") for, among other activities, those that could pose a risk to inmate safety.  The defendants deny any remaining allegations of paragraph 7.

   8.   The defendants admit that, on August 24, 2012, the responsibilities of certain employees of the DOC included walking through "F Block" at the NNHCF approximately once every hour.  The defendants deny any remaining allegations of paragraph 8.

   9.   The defendants admit that, on August 24, 2012, the responsibilities of certain employees of the DOC included monitoring "F Block" at the NNHCF by video.  The defendants deny any remaining allegations of paragraph 9.

   10.  The defendants admit that, at approximately 2:37 p.m. on August 24, 2012, Leite entered a cell assigned to other inmates.  The defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations of paragraph 10.

   11.  The defendants admit that, at some point after entering the cell, Leite was assaulted by at least two other inmates, resulting in injuries.  The defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations of the first sentence of paragraph 11.  The defendants admit that, at approximately 3 p.m. on August 24, 2012, Leite exited the cell he had previously entered, exhibiting an unsteady gait.  The defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of the second sentence of paragraph 11. The defendants admit the allegations of the third through sixth sentences of paragraph 11.

12. The defendants state that the video footage from the cameras on "F Block" for the period of time after Leite entered the cell belonging to other inmates at approximately 2:37 p.m. on August 24, 2012 speaks for itself. The defendants deny any remaining allegations of the first sentence of paragraph 12. The defendants deny the allegations of the second sentence of paragraph 12. The defendants admit that no correctional officer approached the area of the cell that Leite had entered between approximately 2:37 p.m. and 3 p.m. on August 24, 2012. The defendants deny any remaining allegations of the third sentence of paragraph 12.

13. The defendants state that the video footage from the cameras on "F Block" for the period of time after Leite exited the cell belonging to other inmates at approximately 3 p.m. on August 24, 2012 speaks for itself. The defendants deny any remaining allegations of paragraph 13.

14. The defendants admit that no correctional officer interacted with Leite between the hours of approximately 3 p.m. and 5 p.m. on August 24, 2012. The defendants deny any remaining allegations of paragraph 14.

15. The defendants deny the allegations of paragraph 15.

16. The defendants deny the allegations of paragraph 16.

**As to Count I**

17. The defendants reassert and incorporate by reference their responses to the preceding paragraphs.

18. The defendants state that the Supreme Court's opinion in <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994), speaks for itself. The defendants deny any remaining allegations of paragraph 18.

19. The defendants deny the allegations of paragraph 19.

20. The defendants deny the allegations of paragraph 20.

21. The defendants deny the allegations of paragraph 21.

22. The defendants deny the allegations of paragraph 22.

### **Affirmative Defenses**

A. The first amended complaint fails to state a claim on which relief can be granted.

B. Leite's claim is barred by the defendants' qualified immunity.

C. Leite has failed to mitigate any damages he has suffered.

Respectfully submitted,

MATTHEW GOULET <u>ET AL.</u>

By their attorneys,

JOSEPH A. FOSTER
ATTORNEY GENERAL

Date: November 25, 2015

/s/ Kenneth A. Sansone
Kenneth A. Sansone
N.H. Bar No. 18532
Attorney
Civil Bureau
33 Capitol Street
Concord, NH 03301-6397
(603) 271-3650
kenneth.sansone@doj.nh.gov

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served this 25th day of November 2015, via this court's ECF system, to Benjamin T. King, counsel of record for plaintiff Jonathan Leite.

\

                                            /s/ Kenneth A. Sansone
                                            Kenneth A. Sansone
                                            N.H. Bar No. 18532