UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

*********************************************
Jonathan Leite,

   Plaintiff

v.

Corrections Officers Matthew Goulet,
Elmer Van Hoesen, Michael Beaton, Lynn McLain,
Heather Marquis, Trevor Dube, Rhianne Snyder,
Eddy L'Heureux, Jeffrey Smith, Dwane Sweatt,
Yair Balderrama, Bob Morin, Ejike Esobe, and
Kathy Bergeron

   Defendants
*********************************************

Case No. 1:15-cv-00280-PB
Complaint
Jury Trial Requested

## JOINT PROPOSED DISCOVERY PLAN
Fed. R. Civ. P. 26(f)

**DATES AND PLACE OF COUNSEL CONFERENCE:**

 Counsel conversed on the phone and corresponded electronically on January 8, 2016.

**COUNSEL PRESENT/REPRESENTING:**

 Plaintiff Jonathan Leite,
  Benjamin T. King, Esq.

 Defendants,
  Kenneth A. Sansone, Esq.

## CASE SUMMARY

**PLAINTIFF'S THEORY OF THE CASE:**

 Plaintiff alleges that Defendants violated their constitutional duty to him as a prisoner to protect him from violence at the hands of other prisoners.

1

**DEFENDANT'S THEORY OF THE CASE:**

Defendants deny liability and invoke the defense of qualified immunity.

**ALLEGED DAMAGES:** Lost wages, lost future earnings, medical expenses, pain and suffering, emotional distress damages, punitive damages, attorney's fees.

**DEMAND:** By June 15, 2016.

**OFFER:** By July 15, 2016.

**JURISDICTIONAL QUESTIONS:** None at this time.

**QUESTIONS OF LAW:**

Whether the plaintiff's claims are barred, in whole or in part, by qualified immunity.

**TYPE OF TRIAL:** Jury trial.

## DISCOVERY PLAN

**TRACK ASSIGNMENT:** Standard – twelve months.

**DISCOVERY NEEDED:**

The plaintiff anticipates that discovery will be necessary concerning such matters as: the Northern New Hampshire Correctional Facility's (Correctional Facility) policies for monitoring inmate activity applicable on or about August 24, 2012; the Correctional Facility's actual practices with respect to monitoring inmate activities during the time period such policies were in effect; the Correctional Facility's monitoring of F Block on or about August 24, 2012; the defendants' discovery of Mr. Leite on August 24, 2012, following his alleged assault; the defendants' actions in response to discovering Mr. Leite following his alleged assault on August 24, 2012; the Correctional Facility's video footage of Mr. Leite as referenced by the plaintiff in Paragraphs 12 and 13 of his Complaint; the work activities of the defendants on or about August 24, 2012; any and all investigations relating to the subject August 24, 2012, incident; other

incidents at the Correctional Facility in which an inmate suffered injury as a result of violence by other inmates; other claims in which allegations were made that correctional officers at the Correctional Facility violated a constitutional duty to protect an inmate from violence by other inmates  The defendants anticipate that discovery will be necessary concerning such matters as Mr. Leite's activities on and around the day of the August 24, 2012 incident and Mr. Leite's damages causally related to the incident.  The parties anticipate serving written discovery, document requests, interrogatories and requests for admissions, as well as taking depositions. Document productions will likely include the production of electronically stored information ("ESI").

The parties reserve the right to request discovery related to other areas as may become necessary.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

The parties agree to waive mandatory disclosures.

**ELECTRONIC INFORMATION DISCLOSURES:**

Subject to the right to assert any applicable objections, the parties will respond to any request for documents maintained in electronic format to the extent included in discovery requests. At this stage, the parties do not perceive any disputes with regard to the production of ESI, but each party reserves the right to object to any request that is overly broad in scope and/or unduly burdensome, which may be subject to court review. The parties acknowledge that they have an ongoing duty to preserve all evidence (including ESI) which may be relevant to this action. The parties agree to negotiate in good faith the scope of any searches for relevant ESI (including emails), including by negotiating the custodian files or mailboxes to be searched and the search terms to be used. The searches will be designed to capture ESI relevant to the claims

and defenses in this case without imposing undue burdens or costs on the searching party. The parties agree to the initial production of documents and ESI in PDF format. Both parties reserve their rights with respect to further requests for production in other forms. The parties agree that before any document productions are made in this case, the parties will enter into a stipulated Protective Order, in a form substantially consistent with this Court's Civil Form 5.

**STIPULATIONS REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS:**

The parties agree that in the event a disclosing party inadvertently produces privileged or trial preparation materials, it will immediately notify the requesting party of such disclosure. After the requesting party is so notified, it will return, sequester or destroy all information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection as trial preparation materials is resolved. The parties further agree that should material protected by the attorney-client privilege and/or the work product doctrine be inadvertently produced during discovery, such material will not constitute a general waiver of privilege. Finally, the parties agree that they will attempt to resolve disputes regarding the assertion of privilege between them, and if unable to do so will file a motion with the court for *in camera* review and decision on the issue.

**COMPLETION OF DISCOVERY:**

(1) Date all discovery completed: January 1, 2017.

(2) Date to complete early discovery: N/A.

**INTERROGATORIES:**

A maximum of 25 interrogatories, including all discrete subparts, may be propounded by each party to any other party. Responses shall be due 30 days after service unless otherwise agreed by the parties, pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSIONS:**

A maximum of 25 requests for admissions may be served by each party on any other party. Responses shall be due 30 days after service unless otherwise agreed by the parties, pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS:**

The plaintiff will conduct no more than 21 depositions. The defendants will conduct no more than 21 depositions. No deposition will exceed 7 hours unless extended by agreement of the parties or by court order.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff: July 1, 2016        Defendant: September 1, 2016

If Plaintiff supplements his expert disclosure pursuant to Fed. R. Civ. P. 26(e), Defendants may supplement their expert disclosure within 30 days thereafter. The parties have not stipulated to a different form of expert report than that specified in Fed. R. Civ. P. 26(a)(2).

**CHALLENGES TO EXPERT TESTIMONY:**

No later than 45 days prior to trial.

<u>**OTHER ITEMS**</u>

**JOINDER OF ADDITIONAL PARTIES:**

March 1, 2016 for both Plaintiff and Defendant.

**THIRD-PARTY ACTIONS:**

None anticipated, but if any, no later than March 1, 2016.

**AMENDMENT OF PLEADINGS:**

March 15, 2016.

**DISPOSITIVE MOTIONS:**

Summary Judgment motions shall be filed by January 13, 2017.

**SETTLEMENT POSSIBILITIES:**

Cannot be evaluated prior to August 1, 2016.

May be enhanced by ADR.

**JOINT STATEMENT RE MEDIATION:**

The parties will advise the Court of the suitability of the case for mediation on or before August 15, 2016.

**WITNESSES AND EXHIBITS:**

Witness Lists and Exhibit Lists are due 10 days before the Final Pretrial Conference, but not less than 30 days before trial, and are to be included in Final Pretrial Statements. All corresponding objections are due 14 days after service of the Final Pretrial Statement.

**TRIAL ESTIMATE:**

The parties currently estimate that the trial will require 7-9 days.

**TRIAL DATE:**

Trial shall take place during the two-week period commencing on May 2, 2017.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties do not request a preliminary pretrial conference with the Court before entry of the scheduling order, but shall plan to attend the preliminary pretrial conference currently scheduled for January 12, 2016, at 10:00 AM unless otherwise notified by the Court.

**OTHER MATTERS:**

None at this time.

|  |  |  | Respectfully submitted,<br>JONATHAN LEITE<br>By his attorneys,<br>DOUGLAS, LEONARD & GARVEY, P.C. |
|---|---|---|---|
| Date: January 8, 2016 |  | By: | /s/ Benjamin T. King, Esq._____<br>Benjamin T. King, NH Bar #12888<br>14 South Street, Suite 5<br>Concord, NH 03301<br>(603) 224-1988<br>benjamin@nhlawoffice.com |
|  |  |  | Respectfully submitted,<br>DEFENDANTS<br>By their attorneys,<br>JOSEPH A. FOSTER<br>ATTORNEY GENERAL |
| Date: January 8, 2016 |  | By: | /s/ Kenneth A. Sansone_____<br>Kenneth A. Sansone, N.H. Bar No. 18532<br>33 Capitol Street<br>Concord, NH 03301-6397<br>603-271-3650<br>kenneth.sansone@doj.nh.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically served through ECF to all counsel of record on this date.

/s/ Benjamin T. King_____
Benjamin T. King