UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

```
*******************************************
                                           *
Jonathan Leite,                            *
                                           *
        Plaintiff                          *
                                           *     Case No. 1:15-cv-00280-PB
v.                                         *     Complaint
                                           *     Jury Trial Requested
Corrections Officers Matthew Goulet,       *
Elmer Van Hoesen, Michael Beaton, Lynn McLain,*
Heather Marquis, Trevor Dube, Rhianne Snyder, *
Eddy L'Heureux, Jeffrey Smith, Dwane Sweatt,*
Yair Balderrama, Bob Morin, Ejike Esobe, and *
Kathy Bergeron                             *
                                           *
                                           *
        Defendants                         *
                                           *
*******************************************
```

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED ON DEFENDANT JEFFREY SMITH TO BE ANSWERED WITHIN THIRTY (30) DAYS

NOW COMES the plaintiff Jonathan Leite, by and through his attorneys Douglas, Leonard & Garvey, P.C., by and through her attorneys, and pursuant to Federal Rules of Civil Procedure 26 and 34 respectfully propounds the within document production requests against the defendant Jeffrey Smith, stating as follows:

**I.      Definitions**

A.      "Document" for purposes of these requests shall comprise, without limitation, all writings, drawings, graphs, charts, photographs, phono-records, notes, memoranda, correspondence, accounts, e-mail and other compilations or alternately associated strings of data from which information can be obtained or translated, if necessary, by the respondent through detection devices into reasonably useful form.

1

B.     "Identify", when used with reference to a document, shall mean to: (1) state the date; (2) identify the author (and, if different, the originator and/or signer); (3) identify the addressee (and, if different, the recipients); (4) state the type of document (e.g., letter, memorandum, etc.); (5) state the present (or last known) location of the original and all copies of the document and identity of all custodians of same; and (6) state all other means of identifying the document with particularity. In lieu of the foregoing, business records may be attached to these Answers.

C.     "Identify", when used with reference to an oral communication, shall mean to: (1) identify the person making the communication and the person to whom each communication was made and all other persons present at the time of each communication; (2) state the date of each communication; (3) state the place where each communication occurred; (4) if electronically transmitted, identify the persons participating in the communication and state the places where the persons participating in the communication were located; and (5) describe in detail the substance of each communication.

D.     "Identify", when used with reference to an individual, shall mean to state: (1) his full name; (2) his job title and business affiliation; (3) the identity of any person and/or business entity for whom he was acting or representing; (4) his present (or last known) business address; and (5) his present (or last known) residence address.

E.     "Identify", when used with reference to a business or legal entity rather than a natural person, shall mean to state: (1) the entity's full name; (2) present business purpose; and (3) present (or last known) business address.

F.     "Oral Communication", whether made in person or by electronic transmission, shall mean a conversation, statement, conference or other oral message.

  G. "Written Communication" shall mean a letter, note, memorandum, telegram, mailgram, telex, e-mail, text message, instant message, fax or other document.

  H. "Person" shall mean an individual, corporation, partnership, association, firm, trust or other entity.

  I. "You" shall mean Jeffrey Smith and/or his agents, representatives and/or employees.

  J. "NNHCF" shall mean Northern New Hampshire Correctional Facility.

## II. Document Production Requests

The plaintiff respectfully requests that the plaintiff produce complete, true and accurate copies of the following documents:

  1. All documents identified in your answers to Plaintiff's First Set of Interrogatories.

  2. All documents relating to the August 24, 2012, incident in which the plaintiff was assaulted, including without limitation all documents relating to any investigation in which you participated of the August 24, 2012, incident.

  3. All documents relating to and/or evidencing scheduling assignments for walk-throughs of "F Block" on August 24, 2012.

  4. All documents relating to and/or evidencing scheduling assignments for video monitoring of "F Block" on August 24, 2012.

  5. All documents relating to and/or evidencing actual walk-throughs of "F Block" by NNHCF correctional officers on August 24, 2012.

  6. All documents relating to and/or evidencing actual video monitoring of "F Block" by NNHCF correctional officers on August 24, 2012.

  7. A complete copy of the video footage from "F Block" for August 24, 2012, from 2:15 p.m. through 7 p.m., or through the time when Mr. Leite was removed from "F Block," whichever comes later.

  8. All documents relating to, evidencing, and/or containing policies in effect on August 24, 2012, relating to the monitoring of inmates at NNHCF.

  9. All documents relating to and/or evidencing any training in which you participated relating to policies in effect on August 24, 2012, relating to the monitoring of inmates at NNHCF.

10. All documents relating to any and all discipline and/or counseling that you have received in connection with employment at NNHCF.

11. All documents relating to, evidencing and/or containing job descriptions for the position you held on August 24, 2012.

12. All documents relating to any and all incidents occurring from August 24, 2007, through August 23, 2012, in which an NNHCF inmate suffered injuries requiring hospital treatment, where the injuries were caused by violence at the hands of other prisoners.

13. All documents relating to, evidencing and/or containing any NNHCF policy that you claim Mr. Leite violated on August 24, 2012.

14. All documents relating to, evidencing and/or containing any communications in which you participated with Mr. Leite relating in any way to any NNHCF policy that you claim Mr. Leite violated on August 24, 2012.

15. All documents relating to, evidencing and/or containing any discipline that Mr. Leite received as an inmate at NNHCF.

16. All documents relating to any and all civil actions brought within the past five (5) years in which allegations were made that NNHCF personnel breached a constitutional duty to protect an inmate from violence at the hands of other inmates.

17. All documents relating to and/or evidencing your work activities on August 24, 2012.

        RESPECTFULLY SUBMITTED:

        JONATHAN LEITE
        By his attorneys:
        DOUGLAS, LEONARD & GARVEY, P.C.

Dated: January 21, 2016       By:/s/Benjamin T. King_____
        Benjamin T. King, N.H. Bar. No. 12888
        14 South Street, Unit 5
        Concord, NH 03301
        603-224-1988
        benjamin@nhlawoffice.com

**CERTIFICATE OF SERVICE**

    I hereby certify that the within discovery requests were e-mailed this date to Kenneth A. Sansone, Esquire, opposing counsel, pursuant to counsel's agreement to substitute electronic service for paper service.

                                              /s/Benjamin T. King
                                              Benjamin T. King